UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AAA ALL PRO AUTO BELLEVUE, INC., et al., <br><br> Defendants. | CASE NO. C13-1210RAJ <br><br> ORDER |

This matter comes before the court on plaintiff The American Automobile Association, Inc.'s ("AAA") motion for default judgment against defendant Guy Lobie. Dkt. # 19.

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616

F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

Plaintiff has not requested damages in its Rule 55(b) motion, and has only sought a permanent injunction. However, plaintiff has failed to provide any legal authority or argument regarding whether this court should grant a permanent injunction under the circumstances presented. *See e.g. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989 (9th Cir. 2011). Indeed, plaintiff has not even provided the court with the basic elements of each cause of action to demonstrate a likelihood of success on the merits.

Accordingly, the court denies plaintiff's motion for default judgment. Plaintiff may file a renewed motion for default judgment so long as it provides sufficient legal authority and analysis. The court also encourages plaintiff to review and revise its proposed order of permanent injunction to tailor the relief requested specific to Mr. Lobie and the facts as they exist in accordance with appropriate legal authority. For example, plaintiff seems to indicate in briefing that the infringing domain name is no longer active or available and that the registration expired, but requests an order directing defendant to destroy all website content. It is unclear to the court how Mr. Lobie could destroy all content of a website that is not in use or available to the public, and appears to be no longer registered to Mr. Lobie.[1] Plaintiff's requests also seem targeted to include potential future conduct of websites not currently in existence, without explanation as to whether such an order is supported by the allegations in the complaint or legal authority.

In sum, plaintiff's briefing, complaint and evidence is inadequate to support an order granting permanent injunction via default judgment at this time.

---

[1] The court notes that it appears that AAA is now the registrant of the domain name previously registered to Lobie based on a Whois search on register.com. *See* http://www.register.com/whois.rcmx (last visited May 5, 2014). Accordingly, it is unclear to the court why plaintiff would need an order directing Lobie, together with register.com to transfer the registration to AAA.

1    For all the foregoing reasons, the court DENIES plaintiff's motion for default
2 judgment without prejudice.
3    Dated this 7th day of May, 2014.

   The Honorable Richard A. Jones
   United States District Judge

ORDER- 3